# In the
# United States Court of Appeals
## For the Seventh Circuit
———————

No. 07-3357

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

PAUL R. GRIESBACH,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 07-CR-044-C—**Barbara B. Crabb**, *Chief Judge.*

———————

ARGUED AUGUST 5, 2008—DECIDED SEPTEMBER 2, 2008

———————

Before POSNER, COFFEY, and MANION, *Circuit Judges.*

POSNER, *Circuit Judge.* The defendant was convicted of knowingly possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and was sentenced to 10 years in prison. The appeal challenges the denial of his motion to suppress pornographic images found on his computer. The ground of the motion was absence of probable cause to support the warrant to search the computer's

files in which the images on which his conviction is based were found.

The warrant, issued by a Wisconsin state judge, was based on the affidavit of a state police officer who was investigating the defendant's possible violation of a Wisconsin statute that makes it a crime to possess images of a "child engaged in sexually explicit conduct," defined to include "lewd exhibition of intimate parts." Wis. Stat. §§ 948.12(1), 948.01(7). The Supreme Court of Wisconsin has explained that to satisfy this definition "the photograph must visibly display the child's genitals or pubic area. Mere nudity is not enough . . . . [T]he child [must be] posed as a sex object . . . . The photograph is lewd in its 'unnatural' or 'unusual' focus on the juvenile's genitalia, regardless of the child's intention to engage in sexual activity." *State v. Petrone*, 468 N.W.2d 676, 688 (Wis. 1991); see also *United States v. Lowe*, 516 F.3d 580, 586 (7th Cir. 2008).

The affidavit described three images that the police investigator had found on the Internet and traced to the defendant. The first "depicts a prepubescent female posing by a body of water. She has her top pulled up to expose her breasts." The second "depicts a female who appears to be under the age of 18 posing naked. She is standing to expose her full body." The third "depicts a naked female exposing her vagina. The female is lying on her back and her vagina is the primary focus of the image. The female appears to be under the age of 18. The image is from identified child pornography series 'Chelsea' where law enforcement has identified the child victim."

The government distinguishes between "child erotica" and "child pornography," places the first two images described in the affidavit in the first box, and so defends the finding of probable cause solely on the basis of the third image. Although there is non-erotic photography of nude children, one might have doubted that "child erotica" was a legitimate photographic genre. But perhaps it is; for there is a vein of high-culture child-erotic art, illustrated in literature by Vladimir Nabokov's famous novel *Lolita* and in the visual arts by the erotic paintings of prepubescent girls by the distinguished modern artist Balthus (Balthasar Kłossowski de Rola), such as *The Guitar Lesson* (1934). In any event, the Wisconsin legislature (as well as the U.S. Congress, as we are about to see) has decided to draw the line between child erotica and child pornography, and the government concedes that if the affidavit failed to establish probable cause to believe that the third image was pornographic, the warrant was unconstitutional.

We note that it would have made no difference had the warrant been sought in federal court to obtain evidence of violation of the federal child pornography statute under which the defendant was convicted. The federal statute is identical to the Wisconsin statute so far as the issues in this case are concerned. It criminalizes possession of images depicting a minor "engaged in sexually explicit conduct," defined to include "lascivious exhibition of the genitals or pubic area." 18 U.S.C. §§ 2252(a)(4), 2256(2)(B)(iii). And under the federal law as under the state law, more than nudity is required to make an image lascivious; the focus of the image must

be on the genitals or the image must be otherwise sexually suggestive. *United States v. Soderstrand,* 412 F.3d 1146, 1151 (10th Cir. 2005); *United States v. Kemmerling,* 285 F.3d 644, 645-46 (8th Cir. 2002); *United States v. Grimes,* 244 F.3d 375, 380 (5th Cir. 2001); *United States v. Knox,* 32 F.3d 733, 743-44 (3d Cir. 1994).

The failure of the state investigator to submit the image itself with her affidavit to the state judge is the strangest thing about this case—unless it is the statement by the federal government's lawyer that it is the policy of his office not to submit pornographic images to a judge when seeking a search warrant, for fear of "disseminating pornography." That position is hard to understand, since in any prosecution for child pornography the essential evidence is the pornography rather than a verbal description of it, and it becomes part of the official record of the case. It is true that the Adam Walsh Child Protection and Safety Act, 18 U.S.C. § 3509(m)(1), provides that "in any [federal] criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court." See *United States v. Shrake*, 515 F.3d 743, 744-47 (7th Cir. 2008). But neither that nor any other statute of which we are aware forbids submitting child pornography to a judge in support of a request for a search warrant, since, like other evidence in a case, it would remain in the court's control.

A picture may be worth a thousand words, but the affidavit's 20-word description of the third image ("a

naked female exposing her vagina. The female is lying on her back and her vagina is the primary focus") is not worth even one picture. The judge to whom the affidavit was submitted should have asked to see the image. Still, we think the verbal description was sufficient to justify an inference that a search of the defendant's computer files would turn up pornographic images, as it did. When the "primary focus" in a photograph of a naked girl (apparently a teenager, since only the girl in the first photograph is described as prepubescent) is her vagina, and the photo is part of a known "child pornography series," there is probable cause to believe that it is a pornographic image—that the subject of the photo is being presented to the viewer as a sex object—and that a search of the computer from which the image had been uploaded to the Internet (where it was noticed by Yahoo and eventually reported to the Wisconsin authorities, touching off the investigation that led to the search) will yield additional such images. The fact that the third image was part of a known series of pornographic images is especially telling. Not all the photos in such a series are bound to be pornographic, but most will be, and if the suspect is discovered to possess one image in the series the inference that he is a consumer of pornographic images and possesses such images found in this or some other pornographic series is strong.

AFFIRMED.