NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 28, 2010
Decided July 28, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-1278

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 09-cr-10069-001 |
| | |
| RICHARD C. McGLOTHLIN, | Joe Billy McDade, |
| *Defendant-Appellant.* | *Judge*. |

**O R D E R**

Local police in Bloomington, Illinois, responded to a mother's call that her neighbor, Richard McGlothlin, had been taking photos of her son with a cell phone and masturbating as the boy played on a trampoline in the family's backyard. A search of McGlothlin's phone did not turn up any photos of his neighbor, but it did uncover troubling photos of partially nude children and what was later identified as the erect penis of a fifteen-year-old boy. After the district court denied his motion to suppress the photos, McGlothlin entered a conditional guilty plea to two counts of producing child pornography, and the district court sentenced him to concurrent terms of 180 months' imprisonment, the statutory minimum for each count. *See* 18 U.S.C. § 2251(a), (e). McGlothlin filed a notice of appeal, but his appointed lawyer seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot identify any nonfrivolous argument to pursue. McGlothlin has not opposed counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified

in counsel's facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

McGlothlin has told counsel that he does not want his guilty pleas vacated, so counsel properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of the pleas.  *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel first considers whether McGlothlin could challenge the district court's denial of his motion to suppress the photos on his cell phone.  Bloomington police officer Robert Raycraft testified at the suppression hearing that, after speaking to McGlothlin's neighbor, he approached McGlothlin, who was standing on the lawn in front of his home, and asked if he had been masturbating or taking photos of the boy next door.  McGlothlin insisted that he had only been checking his phone messages and getting cigarettes out of his pocket, and when Raycraft asked him if he would find photos of the neighbor on his phone, he replied, "Not that neighbor."  When Raycraft asked if he could check the phone for himself, McGlothlin said, "Sure."  On the phone Raycraft first found photos of DVD covers; he did not specify what was on them and described them only as "odd" but not "alarming." As he continued scrolling through the photos, he saw images of a different young boy jumping on a trampoline, climbing a tree, and playing on a bed.  Many of those photos focused on the boy's clothed buttocks and genital area.  McGlothlin, who is 36, told Raycraft that the boy was a "friend" from the neighborhood and admitted that the boy's parents probably were unaware that he had been photographing their son.  Raycraft also saw photos of an infant with exposed genitalia lying on a hospital bed, young children in various states of undress playing near a lake, and a young girl standing at a bathroom sink with her breasts exposed.  Finally, he saw a series of shots taken in a bathroom depicting the subject's erect penis and bare buttocks, although he could not tell whether the subject was an adolescent or adult.  Raycraft then seized the phone to prevent McGlothlin from deleting the photos, but when McGlothlin's ride to church arrived, Raycraft told him he was free to go.  Raycraft gave McGlothlin's phone to Bloomington detective William Lynn for forensic investigation, and during a later interview, McGlothlin confessed to Lynn that he had been having sex regularly in his church bathroom with a fifteen-year-old boy and it was that boy whose erect penis was captured in six of the photos on his phone.

In arguing for suppression, McGlothlin asserted that the warrantless seizure of the phone had lacked probable cause and that any consent he gave was involuntary because of his low mental functioning.  The district court concluded that McGlothlin had voluntarily consented to Officer Raycraft's request to search the cell phone for photos of the neighbor and that, once Raycraft saw the saved photos, he had probable cause to believe that McGlothlin possessed child pornography and thus to seize the phone.

The Fourth Amendment protects against unreasonable searches and seizures, but a warrantless, consensual search does not run afoul of the Constitution. *United States v. Grap*, 403 F.3d 439, 443 (7th Cir. 2005). We would review for clear error the district court's factual finding that McGlothlin voluntarily consented to the search of his cell phone, and to evaluate voluntariness we would look at the totality of the circumstances, including (1) McGlothlin's age, education, and intelligence; (2) whether he was advised of his constitutional rights; (3) the length of detention prior to consent; (4) whether he consented immediately or only upon repeated requests for consent; (5) whether police used physical coercion; and (6) whether McGlothlin was in custody. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 248-49 (1973); *United States v. Biggs*, 491 F.3d 616, 622 (7th Cir. 2007).

We would not find clear error in the district court's conclusion that McGlothlin freely gave Officer Raycraft permission to view the photos on his cell phone. Although McGlothlin had not been advised of his right to refuse consent, he was not in custody when Raycraft sought permission to search his phone, and Raycraft did not physically or verbally coerce him into submission. Rather, the officer testified that he asked just once if he could search the phone's photo bank, and McGlothlin responded, "Sure," and handed it over. And although McGlothlin solicited testimony from his aunt that he has "slow" mental functioning, below-average intelligence does not automatically render involuntary the waiver of a constitutional right. *See Garner v. Mitchell*, 557 F.3d 257, 264-65 (6th Cir. 2009) (collecting cases); *Henderson v. DeTella*, 97 F.3d 942, 948-49 (7th Cir. 1996). Raycraft testified that McGlothlin gave no sign that he did not understand what was happening and, indeed, that his initial responses to Raycraft's questions—that he was only checking messages on his phone and getting cigarettes from his pants, and that his phone did not contain photos of "that neighbor"—were more consistent with a person trying to avoid getting caught than with a person incapable of understanding what was happening. *See United States v. Turner*, 157 F.3d 552, 555 (8th Cir. 1998).

Nor would we find error in the district court's conclusion that the seizure of McGlothlin's cell phone was permissible. Under the plain-view doctrine, an officer may seize evidence without a warrant when he is lawfully present and has a lawful right of access to the item, and the item's incriminating nature is "immediately apparent." *Horton v. California*, 496 U.S. 128, 136-37 (1990); *Gentry v. Sevier*, 597 F.3d 838, 849 (7th Cir. 2010). There is no question that Officer Raycraft was lawfully present on McGlothlin's front lawn to investigate the neighbor's complaint, and, as explained above, he lawfully browsed through McGlothlin's cell phone photos only after receiving permission. To satisfy the third element, Raycraft needed probable cause to believe that the cell phone was "linked to criminal activity." *United States v. Cellitti*, 387 F.3d 618, 624 (7th Cir. 2004). The federal definition of child pornography includes the depiction of a "lascivious exhibition of the genitals or pubic area" of a minor, 18 U.S.C. § 2256(8), (2), and the slightly broader

definition under Illinois law includes the depiction of "a lewd exhibition of the unclothed or transparently clothed genitals, pubic area, buttocks, or, if such person is female, a fully or partially developed breast of the child," 720 ILCS 5/11-20.1(a)(1)(vii). The majority of the photos on McGlothlin's phone, although troubling, could not reasonably be characterized as child pornography because the required element of lasciviousness or lewdness was absent. *See United States v. Griesbach*, 540 F.3d 654, 656 (7th Cir. 2008); *People v. Lamborn*, 708 N.E.2d 350, 353 (Ill. 1999). But the photos of the erect penis fit the bill, and, although Raycraft could not tell with certainty that the photo's subject was a minor, the context gave him probable cause to believe it was. McGlothlin's phone contained dozens of photos of a young boy, and, although the boy was clothed and engaged in innocent activity, the photos were focused on his buttocks and genital region, suggesting McGlothlin's sexual interest in the boy. That, combined with the other photos of young children in various states of undress and the neighbor's complaint that McGlothlin had been masturbating while photographing her son, gave Raycraft reason to believe that all of McGlothlin's subjects were minors. *See Cellitti*, 387 F.3d at 624 (collecting cases for proposition that officers may have probable cause to seize evidence that is not inherently illegal when context casts it in suspicious light). Because Raycraft had reason to believe that McGlothlin's cell phone was linked, at the very least, to possession of child pornography, we agree with counsel that it would be frivolous to challenge the district court's conclusion that the phone was properly seized.

Counsel also considers whether McGlothlin could challenge the reasonableness of his sentence. At sentencing the district court properly calculated a guidelines imprisonment range of 292 to 360 months but concluded that the statutory minimum of 180 months' imprisonment, when combined with a lifetime of supervised release, was sufficient to serve the purposes of sentencing. As counsel correctly points out, absent a government motion to reduce the sentence based on substantial assistance, *see* 18 U.S.C. § 3553(e), the district court was constrained from sentencing McGlothlin to anything less than 180 months' imprisonment, *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009) (per curiam). And with respect to lifetime supervision, 18 U.S.C. § 3583(k) authorizes a term of supervised release of five years to life for a defendant convicted of producing child pornography, and the sentencing guidelines recommend that district courts impose the maximum term, *see* U.S.S.G. § 5D1.2(b)(2) (policy statement) & cmt. 1; *United States v. Kennedy*, 499 F.3d 547, 553 (6th Cir. 2007); *United States v. Planck*, 493 F.3d 501, 505 (5th Cir. 2007). McGlothlin did not object to lifetime supervision and, in fact, requested that the district court impose the statutory minimum prison sentence and a lifetime of supervised release. In accepting that request, the district court explained that a 15-year sentence supplemented by the "watchful eye" of lifetime supervision was sufficient punishment for McGlothlin, who, according to the court, suffers from an "illness" but is otherwise predisposed to "lawfulness and leading a good life." Because the district court imposed the statutory minimum prison sentence and properly considered the factors under § 3553(a) in

fashioning McGlothlin's term of supervision, we agree with counsel that any challenge to the sentence would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.