**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 25, 2011
Decided April 14, 2011

*Before*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 10-2157 | Appeal from the United States District Court for the |
| UNITED STATES OF AMERICA, | Southern District of Indiana, |
| *Plaintiff-Appellee*, | Indianapolis Division. |
| *v.* | No. 1:08-cr-00172 |
| DANNY SHELTON, | William T. Lawrence, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Danny Shelton challenges the denial of his motion to suppress child pornography found on his computer. Police obtained a warrant to seize and search his computer, but the affidavit supporting the warrant omits significant details about the police investigation. Because we conclude that the affidavit still provided the issuing judge with enough detail to establish probable cause and that the good-faith exception would otherwise save the search, we affirm the judgment.

A computer repair technician notified police in Greensburg, Indiana, that he had discovered files containing apparent child pornography on a computer left with him for service. A police officer met with the technician, who explained that Shelton had dropped off the computer for repairs because it was running slowly. During a diagnostic assessment

the technician reviewed files stored on the computer, and searched specifically for pornography files, which often harbor malicious code that can affect system performance. The technician showed the officer two videos, both depicting the same girl undressing in a bedroom. In the videos the girl (later determined to be 12 years old) is alone and apparently unaware of the camera. The technician informed the officer that the girl also was depicted in family photos contained on Shelton's computer.

The first officer then summoned Detective William Meyerrose. The technician showed Meyerrose the two videos and the service request Shelton completed when he dropped off his computer for repairs. Meyerrose immediately enlisted a third officer to identify the girl, and within minutes he learned that Shelton was listed in local school records as the parent or guardian of a 12-year-old girl whose school photo matched the image in the videos. Meyerrose directed that no further search be conducted, told the first officer to remain with the computer, and left to seek a search warrant.

Detective Meyerrose then met with the local prosecutor and related the details of his investigation. The prosecutor agreed that Meyerrose had gathered enough evidence to obtain approval to seize the computer and search the machine and Shelton's home for evidence that he violated § 35-42-4-4 of the Indiana Criminal Code, which prohibits the production and possession of child pornography. The prosecutor drafted an affidavit for Meyerrose's signature based on the information the detective provided. The affidavit, however, incorporates only part of that information:

1.      On April 5, 2008, Danny Shelton delivered a Emachine, desktop style computer, serial number T2482 to the Greensburg Staples store for repair and diagnosis. The store service request lists the address of Danny Shelton as 1602 North Franklin Street, Greensburg, Indiana;

2.      Mr. Shelton complained that the computer was running too slow;

3.      [The technician] began diagnostic testing on this computer. During this process, he discovered a video of a young girl appearing to be about 12 years of age undressing to complete nudity. The background for the video scene appeared to be a bedroom.

Detective Meyerrose presented the affidavit to a state judge with a proposed warrant to seize the computer and to search both the computer and Shelton's home. According to Meyerrose, the judge reviewed the affidavit and signed the warrant. The police then executed the warrant. Several discs containing child pornography, along with two guns,

were recovered from Shelton's residence. But the investigators did not examine Shelton's computer until months later in August 2008 when authorities conducted a forensic analysis.

In November 2008, a grand jury charged Shelton with three counts of producing child pornography, 18 U.S.C. § 2251(a), one count of possessing child pornography, *id.* § 2252(a)(4)(B), and one count of possessing a gun after a felony conviction, *id.* § 922(g)(1). Each production count rests on a separate series of photos first discovered during the August 2008 forensic analysis of Shelton's computer. The photos in each series depict the 12-year-old girl seen previously; she is lying on a bed or the floor, in various poses, with the camera focused on her nude genitals. Shelton moved to suppress the fruits of the search warrant. He argued that the affidavit submitted in support of the warrant did not establish probable cause to search his computer or residence because, he insists, its description of the videos does not provide enough information to allow a conclusion that they are lascivious or pornographic. He also argued that the good-faith exception should not apply because, in his view, the affidavit is so deficient that no judge could have found probable cause without abdicating his role as a neutral arbiter and no police officer could reasonably have relied on the warrant. The parties briefed the merits, and the district court conducted an evidentiary hearing.

At the hearing, Detective Meyerrose, the only witness, testified that the prosecutor always writes his probable-cause affidavits, including the affidavit in this case. He insisted that he believed that the affidavit established probable cause to seize and search the computer and to search Shelton's residence and that he had no reason to doubt the information provided by the technician. The government presented no evidence that the issuing judge questioned Meyerrose about his investigation and agreed with Shelton that the district court was limited to evaluating the "four corners" of the affidavit in deciding whether it established probable cause.

The district court granted Shelton's motion in part and denied it in part. The court rejected his argument that the affidavit fails to establish probable cause to seize and search the computer for evidence of child pornography. The court concluded that, as a matter of common sense, it is reasonably probable that videos of a 12-year-old girl depicted alone in a bedroom undressing to a state of complete nudity were recorded for the improper purpose of arousal and were evidence of a crime. The court also noted that, even if the affidavit was deemed too terse to establish probable cause to seize and search the computer, the officers would be found to have justifiably relied on the search warrant and so the fruits of the search would remain admissible under the good-faith exception articulated in *United States v. Leon*, 468 U.S. 897, 922 (1984). The court agreed with Shelton, however, that the search of his house could not be sustained, even under the good-faith exception, because the affidavit

conveys no information at all about the house. The court thus suppressed the evidence seized from Shelton's home.

Shelton entered a conditional guilty plea to one count of producing child pornography, 18 U.S.C. § 2251(a), reserving the right to challenge on appeal the partial denial of his motion to suppress. As part of the sentencing process, including conversations with police and other correspondence (including a letter to his father), Shelton admitted that he filmed and photographed the girl, a relative of his wife's, sometimes giving her a mixture of whiskey, cough syrup, and water to overcome resistance. In her interviews with police, the girl recounted that Shelton had posed her naked and, at least once, had touched her genital area. The district court sentenced Shelton to a term of 192 months.

On appeal Shelton renews his arguments that the affidavit supporting the search warrant is so terse and poorly drafted that it fails to establish probable cause, and that the good-faith exception should not apply. He insists that (1) the affidavit does not actually conclude that any crime was committed (and states only that there is possible evidence of child pornography on the computer), (2) the video images of the girl, as described in the affidavit, do not "rise to the level" of child pornography, and (3) the affidavit discloses nothing about the technician beyond his name and fails to identify his qualifications to evaluate the difference between child erotica and child pornography or the apparent age of the person depicted.

As an initial matter, we note that the police officers did not violate the Fourth Amendment by looking at what the technician showed them before securing a warrant. The technician's initial search of the computer was conducted without police involvement, and under the private-search doctrine, the Fourth Amendment is inapplicable to a search or seizure effected by a private party. *United States v. Jacobsen*, 466 U.S. 109, 113-16 (1984); *United States v. Hall*, 142 F.3d 988, 993 (7th Cir. 1998). As long as police officers do not exceed the scope of the private search, they may view or replicate the results of that search without violating the Fourth Amendment. *See Jacobsen*, 466 U.S. at 117-18; *Walter v. United States*, 447 U.S. 649, 656 (1980); *Hall*, 142 F.3d at 995. The officers did not expand the technician's private search before securing a warrant; Shelton cannot (and does not) contend that their duplication of the technician's search violated the Fourth Amendment.

Turning to Shelton's arguments, when a defendant challenges a search warrant, courts afford great deference to the probable-cause determination of the issuing judge, *see United States v. Dismuke*, 593 F.3d 582, 586 (7th Cir. 2010); *United States v. McIntire*, 516 F.3d 576, 577-78 (7th Cir. 2008), and employ a commonsense, totality-of-the-circumstances analysis that focuses on whether the supporting affidavit established a fair probability that investigators would find contraband or evidence of a crime in the place specified. *Illinois v.*

*Gates*, 462 U.S. 213, 238-39 (1983); *United States v. Curry*, 538 F.3d 718, 729-30 (7th Cir. 2008). And where, as here, the issuing judge relied only on the affidavit, courts review the determination of probable cause by looking only at the "four corners" of the affidavit. *United States v. Orozco*, 576 F.3d 745, 748 (7th Cir. 2009); *United States v. Peck*, 317 F.3d 754, 755 (7th Cir. 2003).

Both Indiana and federal law define child pornography, if nudity but not sexual conduct is depicted, in terms of whether the image is lascivious. *See* 18 U.S.C. § 2256(8), 2256(1)(B)(iii) (defining "child pornography" as visual depiction of "sexually explicit conduct" and the latter, in turn, to include "lascivious exhibition of the genitals or pubic area of any person"); IND. CODE § 35-42-4-4 (criminalizing producing and possessing images or other media depicting "sexual conduct," which includes "exhibition of the uncovered genitals intended to satisfy or arouse the sexual desires of any person"). Here, the affidavit leaves out details that would have made the issuing judge's decision about the lascivious nature of the videos straightforward. The appellate record clarifies that the omission was not for lack of information; the police investigation, by all accounts both quick and thorough, turned up substantial evidence establishing probable cause to search the computer and Shelton's home for evidence of child-pornography crimes as well as related offenses. The affidavit could have included details police learned by watching the videos. For example, had the affidavit revealed that the videos focused on the girl's genitals, the issuing judge's decision would be more clearly supported. And if the prosecutor had disclosed that the girl appeared to be unaware of the camera or that Shelton was her legal guardian, the videos would have supported a search of the computer for evidence of a violation of Indiana's voyeurism statute, *see* IND. CODE § 35-45-4-5; *Johnson*, 427 F.3d at 425-26, or sexual misconduct with a minor, *see* IND. CODE § 35-42-4-9.

But an affidavit is not defective simply because it could have been better, and we conclude that the affidavit Meyerrose presented was sufficient to establish probable cause. The affidavit identifies the suspected crime, here a violation of the Indiana child-pornography statute, IND. CODE § 35-42-4-4, and states that evidence of that crime may be found on the computer. Issuing judges frequently must rely on written descriptions of images when determining whether evidence of child pornography is likely present. *See, e.g.*, *United States v. Griesbach*, 540 F.3d 654, 656 (7th Cir. 2008); *United States v. Lowe*, 516 F.3d 580, 586 (7th Cir. 2008); *United States v. Brunette*, 256 F.3d 14, 18 (1st Cir. 2001). And the description provided—a 12-year-old girl undressing to a state of complete nudity in a bedroom—provides commonsense support that the computer might contain child pornography. *See, e.g.*, *Griesbach*, 540 F.3d at 656 (20-word description was sufficient to "justify an inference that a search of the defendant's computer files would turn up pornographic images"); *United States v. Hill*, 459 F.3d 966, 970-72 (9th Cir. 2006). The probable-cause inquiry is a fluid one, requiring an issuing judge to assess "probabilities in

particular factual contexts." *Gates*, 462 U.S. at 232. Though an allegation of focus on the victim's genital area would have clarified matters, it is not required where the totality of the circumstances otherwise support a finding of lascivious or prurient content. *See, e.g.*, *United States v. Knox*, 32 F.3d 733, 747 (3d Cir. 1994) ("'[Lascivious exhibition of the genitals or pubic area' of a minor necessarily requires only that the material depict some 'sexually explicit conduct' by the minor subject which appeals to the lascivious interest of the intended audience."). It was reasonable for the issuing judge to conclude from the affidavit that the technician found the circumstances depicted in the video files (the bedroom setting, the depicted girl's undressing to a state of total nudity, and the relative age of the subject—too old for nudity to be commonplace and too young for the technician to be reasonably mistaken regarding her status as a minor) rendered the images lascivious or prurient; in fact, so concerned was he that he immediately reported what he saw to the police. It was similarly reasonable for the issuing judge to conclude that a forensic search of the computer would turn up evidence of child pornography.

Shelton's additional criticism of the affidavit—that it provides insufficient information to establish the technician's reliability or qualifications—is unpersuasive. Courts do require indicia of reliability from witness statements offered in support of probable cause, *see United States v. Koerth*, 312 F.3d 862, 867-68 (7th Cir. 2002), but a history of reliability is not necessary to establish probable cause, *United States v. Wooden*, 551 F.3d 647, 649 (7th Cir. 2008). And statements from an informant of unknown reliability may support a finding of probable cause if a reasonable person might consider them credible under the totality of the circumstances. *See Koerth*, 312 F.3d at 868. For the sort of detail necessary here—including the age of the minor depicted—lay witnesses are enough. *See United States v. Battershell*, 457 F.3d 1048, 1054 (9th Cir. 2006); *Hall*, 142 F.3d at 995. The affidavit supplies enough detail (including detail about the nature of the computer in question) for the issuing judge to reasonably infer that police officers had interviewed the technician before seeking a warrant. Nothing in the affidavit suggests that the technician might have misguided the police, and Shelton has not argued in favor of such an inference. And, as the district court noted, the affidavit identifies the technician by name, so the issuing judge could reasonably infer that his identity was known to police. *Wooden*, 551 F.3d at 649 ("Knowing a tipster's name increases the chance that he can be held accountable.").

And even if we were wrong about all of this, the good-faith exception would prevent the application of the exclusionary rule to this case. *See Leon*, 468 U.S. at 922; *Curry*, 538 F.3d at 730. That exception provides that evidence recovered under a later-invalidated search warrant is nonetheless admissible if the police reasonably relied on the warrant. *Curry*, 538 F.3d at 730. An officer's decision to seek a warrant is prima facie evidence of good faith, *id.*; *United States v. Mykytiuk*, 402 F.3d 773, 777 (7th Cir. 2005), and is bolstered where, as here, the officer consults a prosecutor before seeking a warrant, *United States v. Pappas*, 592 F.3d

799, 802 (7th Cir. 2010); *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1016 (7th Cir. 2006); *United States v. Bynum*, 293 F.3d 192, 198 (4th Cir. 2002). Defendants may rebut this presumption by showing that (1) the issuing judge abandoned the role of a detached, neutral arbiter and acted as a "rubber stamp" or (2) the affidavit was so lacking that the officer's belief in the warrant's validity was objectively unreasonable. *See United States v. Woolsey*, 535 F.3d 540, 546 (7th Cir. 2008).

Shelton reiterates his position that the affidavit is fatally deficient. He argues that the issuing judge's approval of the warrant after brief review and without hearing further evidence proves that he abdicated his role as a neutral arbiter. But as we conclude that the admittedly terse affidavit nonetheless contains sufficient detail to establish probable cause, this contention is without merit. Officers are not generally expected to question the decision of an issuing judge, *Curry*, 538 F.3d at 730, and there is no indication that the deterrence concerns operative in *Leon*, *see* 468 U.S. at 920-21, are present here.

For these reasons, the order denying Shelton's motion to dismiss, and thus the judgment of the district court, is AFFIRMED.