In the

# United States Court of Appeals

## For the Seventh Circuit

——————————

No. 23-2184

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MICHAEL PORTER,

*Defendant-Appellant.*

——————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:20-cr-00837-1 — **Sara L. Ellis**, *Judge.*

——————————

ARGUED MAY 14, 2024 — DECIDED AUGUST 29, 2024

——————————

Before SYKES, *Chief Judge*, and PRYOR and KOLAR, *Circuit Judges*.

KOLAR, *Circuit Judge*. This case is about the production of child pornography. While statutory interpretation does not usually require a prefatory disclaimer, here, it does. Determining whether Defendant-Appellant Michael Porter's conduct was prohibited by the relevant statute requires us to discuss the contents of numerous videos of disturbing sexual conduct that violates the criminal code.

After an investigation by law enforcement, Michael Porter was indicted on ten counts of receipt, possession, and production of child pornography. Porter eventually pleaded guilty to three of those counts. His guilty plea as to the production charge, however, was a conditional one. Porter reserved the right to challenge on appeal whether the conduct he admitted to falls within the ambit of 18 U.S.C. § 2251(a). Specifically, he argues on appeal that he did not "use" the minors or record them engaged in "sexually explicit conduct" under the statute. He further argues that the district court incorrectly calculated his offense level at sentencing. We disagree entirely and find Porter's conduct was within the scope of the statute and his arguments squarely foreclosed by precedent. We affirm.

## I. Background

During an investigation into a suspected child pornography trafficker, law enforcement identified Michael Porter as someone who had purchased child pornography off the internet. Law enforcement executed search warrants and recovered voluminous amounts of child pornography in Porter's home.

Porter possessed more than 90,000 videos and images of child pornography. Among the materials seized were numerous videos depicting prepubescent boys showering in gym locker rooms. The videos were created over the course of more than a decade. But these videos were not purchased by Porter off the internet—they were created by him.

A grand jury returned a superseding indictment charging Porter with seven counts of production of child pornography in violation of 18 U.S.C. § 2251(a) and (e); two counts of receipt of child pornography in violation of 18 U.S.C. §

2252A(a)(2)(A); and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

Porter moved to dismiss the seven production charges, and the district court denied the motion. Porter then pleaded guilty to counts 2, 8 and 10 and stipulated to six additional production of child pornography offenses pursuant to a plea agreement. The plea was a conditional one, however, and Porter reserved his right to appeal his guilty plea as to count 2 (the production count) based on the same arguments he had raised in his motion to dismiss.

The plea agreement laid out the factual basis for Porter's conviction as follows. In connection with count 2, Porter admitted to placing a hidden camera in a gym locker room in September 2008. The camera captured him in the showers with a prepubescent boy. Throughout the video, Porter pulled the boy's swim trunks down several times, exposing the child's groin area and penis as Porter washed the boy with soap. After exposing and touching the child, Porter proceeded to dry him off with a towel, and while doing that, Porter pulled the child toward his groin and pressed the child against his visibly erect penis.

In addition to count 2,[1] Porter admitted to six additional stipulated offenses consisting of Porter recording himself and at least eight prepubescent boys in gym locker rooms in six different instances between 2006 and 2020. The additional stipulated offenses were as follows:

---

[1] Because Porter does not challenge his guilty plea as to count 8 (receipt of child pornography) or count 10 (possession of child pornography) we do not summarize or discuss them further except as relevant to the sentencing arguments Porter raises.

- **Stipulated offense 1.** This video depicts a minor in the shower who licks the palm of his hand and then lowers his swim trunks to reveal his erect penis. He later places a balloon on his penis, removes it, and then puts the balloon in his mouth as the camera zooms in on the boy's penis.

- **Stipulated offense 2.** This video depicts Porter telling two showering minors that because of the chlorine in the pool they need to remove their swim trunks. One of them removes his swim trunks while the other walks off camera, but then returns, is told by Porter to remove his swim trunks, and does, exposing his genitals.

- **Stipulated offense 3.** This video depicts a naked minor in the shower touching his erect penis.

- **Stipulated offense 4.** This video shows a naked minor masturbating in the shower.

- **Stipulated offense 5.** This video shows two minors showering with their swim trunks pulled down and penises exposed. Porter adjusts the camera at one point so that it shows one of the minors pulling up his swim trunks while Porter is in the frame and pulling his own swim trunks down.

- **Stipulated offense 6.** This video shows a minor in a shower stall from above, with Porter in the adjacent shower stall. The minor removes his swim trunks, exposing and then touching his erect penis. Porter adjusts the camera to depict him and the minor in the same frame. Porter then lowers his swim trunks and masturbates. While he masturbates,

> Porter turns toward the shower divider to face the boy who is on the other side of the divider.

At sentencing, the district court calculated Porter's total offense level at 43. This calculation included, among others which Porter is not challenging, several enhancements which together added 15 levels to Porter's offense level. Five levels were added on the receipt and possession charges (counts 8 and 10, which were grouped) because Porter engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. U.S.S.G. § 2G2.2(b)(5). Another five levels were added pursuant to Guideline § 3D1.4 based on the six production of child pornography offenses stipulated to under the plea agreement; and a final five levels were added pursuant to Guideline § 4B1.5(b)(1) because the production charge (count 2) is a "covered sex crime" and Porter "engaged in a pattern of activity involving prohibited sexual conduct."

The district court overruled Porter's objections to the enhancements. This resulted in a guidelines-recommended sentence of life imprisonment. The government asked for 30 years, the statutory maximum, while Porter asked for the mandatory minimum of 15 years' imprisonment. The district court landed in the middle and sentenced Porter to a below-guidelines prison sentence of 22 years' imprisonment, followed by 15 years of supervised release.

## II. Discussion

Title 18 of the U.S. Code, Section 2251(a), governs the crime commonly known as production of child pornography and applies to "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, … with the intent that such minor engage in, any sexually explicit

conduct for the purposes of producing any visual depiction of such conduct ....”

“Sexually explicit conduct” is defined by statute as “actual or simulated … sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the anus, genitals, or pubic area of any person.” 18 U.S.C. § 2256(2)(A). The word “use” is not defined in the statute.

Porter argues on appeal that most of the conduct he admitted in his plea agreement did not constitute “use” of any minor within the meaning of 18 U.S.C. § 2251(a), and further argues that even if he did “use” the minors, the nudity in the images does not amount to a “lascivious exhibition of the anus, genitals or pubic area” within the meaning of “sexually explicit conduct.” In his briefing and at oral argument, Porter posits that instead, the videos are passive in nature, depicting “mere nudity” and “bathing activities.” Porter thus analogizes himself to nothing more than a “Peeping Tom.”

This is not the first time this court has had occasion to construe the statutory language of § 2251(a), including the term “use.” And all of Porter’s arguments are foreclosed by settled case law. Indeed, Porter’s counsel conceded at oral argument that he was asking us to overturn our precedent. We decline that invitation.

In *United States v. Howard*, we said that “[t]he most natural and contextual reading [of “use”] requires the government to prove that the offender took one of the listed actions to cause *the minor* to engage in sexually explicit conduct…” *United States v. Howard*, 968 F.3d 717, 721 (7th Cir. 2020) (emphasis in

original). Accordingly, we held that where the images in question depict (as they did in *Howard*) an adult defendant masturbating in the same frame as a fully clothed, sleeping child—and nothing more—a defendant does not "use" a minor within the meaning of 28 U.S.C. § 2251(a). We have reaffirmed that holding since. *See United States v. Sprenger,* 14 F4th 785, 791 (7th Cir. 2021) (vacating conviction of defendant who "took photographs of Victim A while she was sleeping and in them, he photographed his naked, erect penis next to Victim A's face, and his own face, with tongue sticking out, next to Victim A's clothed groin" because the defendant did not "use" Victim A "to engage in sexually explicit conduct").

Porter analogizes his conduct to that of the defendants in *Howard* and *Sprenger*, but the conduct Porter admitted to in his plea agreement is not remotely similar to the conduct at issue in those cases. In count 2 of his plea, Porter admitted to secretly recording a video of himself physically touching and washing two naked prepubescent boys and removing their swim trunks. That alone distinguishes Porter's conduct from the defendants in *Howard* and *Sprenger*. What's more, at one point during the video, Porter pulled the child towards him and held the boy against Porter's erect penis. Indeed, all of the videos (both the one at issue in count 2 and the six stipulated offenses) depict naked minors, with their genitals and pubic areas exposed. There is thus a clear and meaningful distinction between *Howard*, *Sprenger* and this case—namely that Porter touched and physically undressed minors in several videos, instructed them to take their clothes off in others, or otherwise filmed the minors while they were naked. This constitutes "use" within the ordinary meaning of the word, as consistent with our case law.

Porter next argues that the videos still do not fit within § 2251(a) because they constitute "mere nudity" rather than the statutorily prohibited "sexually explicit activity" and in particular "a lascivious exhibition" of the minors' genitals or pubic areas. Porter's arguments fail again because they are firmly foreclosed by our precedent. We have previously said that "more than nudity is required to make an image lascivious." *United States v. Greisbach*, 540 F.3d 654, 656 (7th Cir. 2008). Rather, "a lascivious display is one that calls attention to the genitals or pubic area *for the purpose of eliciting a sexual response in the viewer*." *United States v. Russell*, 662 F.3d 831, 843 (7th Cir. 2011) (emphasis added). In contrast, "mere nudity" has some other ascertainably distinct purpose (for example, a mother's photograph of her infant daughter in the bath).

In *United States v. Miller*, 829 F.3d 519 (7th Cir. 2016), we further elucidated how to determine whether an image crosses the line into lasciviousness. Much like Porter does here, the defendant in *Miller* challenged his conviction under § 2251(a) on the grounds that the videos he made of minors showering and using the toilet in his basement bathroom (which he secretly recorded after cutting a hole in the drywall between the bathroom and the basement utility room) were not "lascivious" and instead constituted "mere nudity." *Id.* at 523. In resolving this challenge, we clarified that determining lasciviousness requires consideration of multiple factors and must be decided individually in "each case, applying common sense." *Id.* at 525 (quoting *Russell*, 662 F.3d at 843). First, "the focus of the image must be on the genitals or the image must be otherwise sexually suggestive." *Id.* at 524–25 (quoting *Griesbach*, 540 F.3d at 656). But in determining "the focus, … [t]here is no requirement in the statute that the creator zoom in on the pubic area. Nor is there a requirement that the pubic

area be the sole focus on the depiction." *Id.* at 525. Second, while the content of the images themselves must remain the "primary focus" in determining lasciviousness, "[s]ubjective intent—particularly of the *creator*—is a relevant, and quite probative consideration." *Miller*, 829 F.3d at 526 (emphasis in original).

And in *Miller* there was ample evidence of the defendant's intent. There was the location of the recordings (an otherwise private shower or bathroom, which the court observed to be "frequent hosts to fantasy sexual encounters as portrayed on television and in film"), as well as the defendant's drilling of a hole in the drywall and efforts to conceal the recording. *Id.* at 525–26. Additionally, the defendant encouraged underage girls to use the downstairs bathroom in his home. *Id.* at 526. Likewise, the defendant had recorded adult women using the same bathroom and then recorded himself masturbating to his homemade pornography. *Id*. This all went to show lasciviousness.

Here, each of the videos captured minors removing (or having already removed) their swim trunks to expose their genitals. The videos were also made using a concealed box camera hidden in a locker room directed at the showers. In multiple videos, Porter adjusts the cameras and zooms in on the minors' genitals. Furthermore, in the videos at issue in count 2 and stipulated offense 6, Porter appears in the videos, in one pressing a minor against his erect penis and in the other masturbating simultaneously with a minor in the adjacent shower stall. This is all very clear evidence that Porter intended for the videos to elicit a sexual response in the viewer—he even captured his sexual response on film in two of them.

Despite all of this, Porter still presses his argument and asks us to overrule *Miller* and adopt in its place the reasoning of *United States v. Hillie*, 39 F.4th 674 (D.C. Cir. 2022). In that case, the D.C. Circuit looked to the Supreme Court's First Amendment and obscenity jurisprudence and drew from it a more demanding definition of "lascivious exhibition" that requires a minor to "display[] his or her anus, genitalia or pubic area in a manner connoting that the minor, or any person or thing appear[ing] with the minor in the image, exhibit[] sexual desire or an inclination to engage in any type of sexual activity." *Id.* at 685. But we have recently considered *Hillie* and rejected its holding in favor of our "well-established approach to the construction of the term 'lascivious exhibition'" as laid out in cases like *Miller*, *Russell*, and *Griesbach*. *United States v. Donoho*, 76 F.4th 588, 597 (7th Cir. 2023).[2]

---

[2] As noted by the dissent in *Hillie*, *see* 39 F.4th at 700 (Henderson, J.), the D.C. Circuit's holding that the "lasciviousness be exhibited by the minor" stands contrary not only to our precedent but that of numerous other circuits, including the Ninth, Third, Eighth, Tenth, Eleventh, and Fifth Circuits. *United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir. 1987) ("The picture of a child 'engaged in sexually explicit conduct' within the meaning of 18 U.S.C. §§ 2251 … is a picture of a child's sex organs displayed lasciviously—that is, so presented by the photographer as to arouse or satisfy the sexual cravings of a voyeur."); *United States v. Knox*, 32 F.3d 733, 745 (3d Cir. 1994) ("[A]s used in the child pornography statute, the ordinary meaning of the phrase 'lascivious exhibition' means a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer."); *United States v. Horn*, 187 F.3d 781, 790 (8th Cir. 1999) ("The 'lascivious exhibition' is not the work of the child, whose innocence is not in question, but of the producer or editor of the video."); *United States v. Holmes*, 814 F.3d 1246, 1252 (11th Cir. 2016) (same); *United*

What's more, it is difficult to see how Porter could prevail even under the *Hillie* standard considering his own appearance in the videos, as well as the fact that in many of the videos, the minors are shown masturbating or otherwise touching their genitals. In other words, most of the videos here show an "actual depiction of the sex act rather than merely the suggestion that it is occurring." *Hillie*, 39 F.4th at 685 (citation omitted).

Lastly, we briefly address the specific sentencing enhancement arguments that Porter raises. Our review of the district court's interpretation and application of the guidelines is reviewed *de novo*, but any factual findings made in connection with sentencing are reviewed for clear error. *United States v. States*, 72 F.4th 778, 791 (7th Cir. 2023); *United States v. Redmond*, 667 F.3d 863, 874–75 (7th Cir. 2012).

Our conclusion that the conduct Porter admitted to in his plea agreement easily falls within the scope of § 2251(a) resolves almost all of Porter's sentencing arguments which are predicated on the idea that his conduct fell outside the statute. First, the district court correctly calculated Porter as having "10 units" under U.S.S.G. § 3D1.4 (two units for the three counts he pleaded guilty to and eight for the six stipulated offenses). Under U.S.S.G. § 3D1.4, anything more than five units results in an added five levels. Second, because the conduct in count 2 and at least two (if not all) of the six stipulated offenses each satisfy the elements of § 2251(a), the district

---

*States v. Wells*, 843 F.3d 1251, 1254 (10th Cir. 2016) ("We explicitly rejected the notion that § 2251(a) places the onus of lust on the child being photographed.") (cleaned up); *see also United States v. McCall*, 833 F.3d 560, 565 n.3 (5th Cir. 2016) ("[I]t is the *depiction*—not the minor—that must bring forth the genitals or pubic area to excite or stimulate.") (italics in original).

court was correct to find that Porter engaged in a "pattern of activity involving the sexual abuse or exploitation of a minor."[3] U.S.S.G. § 2G2.2(b)(5). Therefore, the district court appropriately applied a five-level enhancement under the guidelines. Third, Porter received a final five-level enhancement because he pleaded guilty to a "covered sex crime" and "engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5. While Porter concedes that count 2 qualifies as a "covered sex crime," he claims the six stipulated offenses do not because in those videos he is not shown touching or otherwise making physical contact with any of his victims. But there is no such requirement and "the production of child pornography" is explicitly included as a "covered sex crime." U.S.S.G. § 4B1.5, *cmt.* 4(A); *see also United States v. Hall*, 780 F. App'x 710, 713 (11th Cir. 2019) ("Production of child pornography under 18 U.S.C. § 2251(a) and (e) constitutes a covered sex crime. The production of child pornography is also considered "prohibited sexual conduct."). The district court accurately calculated Porter's offense level.

## III. Conclusion

For the reasons stated above, we AFFIRM.

---

[3] The provision's commentary defines "sexual abuse or exploitation of a minor" to include conduct described in § 2251(a). U.S.S.G. § 2G2.2, app. n.1. As already noted above, the videos in question meet this definition.