# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 03-3909

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JONATHAN BRADLEY,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 02 CR 137—**Allen Sharp**, *Judge.*

_____

ARGUED APRIL 16, 2004—DECIDED AUGUST 25, 2004

_____

Before EASTERBROOK, RIPPLE and DIANE P. WOOD, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Jonathan Bradley was indicted for one count of possession of over five grams of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and one count of use and carrying of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). Mr. Bradley pleaded guilty to both offenses but later moved to withdraw the pleas. The district court

denied the motion to withdraw the pleas, and Mr. Bradley timely appealed. For the reasons set forth in this opinion, we vacate the judgment of the district court and remand the case for proceedings consistent with this opinion.

# I

## BACKGROUND

On December 11, 2002, a South Bend Police Detective observed Jonathan Bradley driving a vehicle. The car was playing loud music, and the detective directed a uniformed officer to pull over the vehicle. During the stop, a drug-sniffing dog alerted to the presence of drugs after being walked around the car. Upon searching, police discovered a small quantity of a substance alleged to be marijuana as well as a semiautomatic pistol. Mr. Bradley was given a citation for violation of the city's noise ordinance, was arrested and was taken to the police station. At the station, Mr. Bradley consented to a search of his home. At Mr. Bradley's home, officers found nearly two hundred grams of powder and crack cocaine as well as a digital scale and other drug paraphernalia.

A grand jury indicted Mr. Bradley on two counts. The first count charged Mr. Bradley with possession of five grams or more of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The second count charged Mr. Bradley with knowing use and carrying of a firearm "during and in relation to [a] drug trafficking crime, to wit: the knowing and intentional possession of a mixture or substance containing a detectible amount of cocaine base with intent to deliver," in violation of 18 U.S.C. § 924(c). R.1 at 2.

Mr. Bradley negotiated a plea agreement with the Government in which he agreed to plead guilty to both counts of the indictment. The plea agreement contained the following factual statement in relation to the 18 U.S.C. § 924(c) firearm offense:

> On December 11, 2002, I . . . was driving a motor vehicle and possessed a quantity of narcotics (marijuana) as well as a firearm. That firearm was a Springfield Armory Model 1911-A1, .45 caliber pistol, serial number N396731. *I carried the firearm during and in relation to my knowing possession of the marijuana in the vehicle with me.*

R.11 at 3 (emphasis added). At the hearing on his change of plea, the Government made the following statement with respect to the nature of the § 924(c) offense and the nature of the evidence relating to that offense:

> With respect to count 2, the firearms count, the government would have to prove two elements beyond a reasonable doubt: First, that the defendant committed a drug possession crime. Second, that the defendant knowingly possessed a firearm in furtherance of that crime; that he used or carried a firearm in furtherance of the crime.
>
> With respect to the evidence . . . .
>
> On the same day he was stopped while driving a motor vehicle, and he had a quantity of narcotics, marijuana, as well as a firearm. The firearm is described in the indictment. It's a .45 caliber pistol, and *he carried the firearm during and in relation to his knowing possession of the marijuana in the vehicle with him.*

Change of Plea Tr. at 6-7 (emphasis added). Mr. Bradley admitted the accuracy of these statements. No one addressed the change in the predicate offense from "possession of . . . cocaine base with intent to deliver," as charged in the

indictment, R.1 at 2, to "possession of the marijuana in the vehicle," as admitted in the plea agreement and at the change-of-plea hearing, R.11 at 3; Change of Plea Tr. at 7.

In addition to the grounds established for the § 924(c) offense, a factual basis for the § 841(a)(1) offense was also established and admitted. The district court thereafter found that Mr. Bradley voluntarily and intelligently entered a plea of guilty to both counts, and the court accepted and entered those pleas.

Prior to sentencing, Mr. Bradley substituted his defense counsel and moved to withdraw the guilty pleas. Mr. Bradley advanced several grounds for withdrawal, among them, an argument that his plea was not knowing and voluntary because of misrepresentation or mistake as to criminal culpability on the § 924(c) offense and the void or voidable nature of the plea agreement based on this misrepresentation or mistake. The Government opposed Mr. Bradley's motion to withdraw the pleas. With regard to the § 924(c) conviction, it argued that Mr. Bradley admitted to carrying the firearm in relation to the marijuana possession; it did not address the change in the predicate drug trafficking offense from the cocaine possession charged in the indictment to the simple marijuana possession relied upon in the plea agreement and at the change-of-plea hearing.

The district court denied the motion to withdraw the pleas. It found that Mr. Bradley's statements at the change-of-plea hearing established a factual basis for the § 924(c) offense and found Mr. Bradley's other claims without merit. The court did not address the difference between the indictment and the plea agreement as to the predicate drug trafficking crime for the § 924(c) offense. The court later sentenced Mr. Bradley. He now appeals the district court's denial of his motion to withdraw the pleas. The Government

concedes error in originally opposing Mr. Bradley's motion to withdraw the pleas.

## II

## DISCUSSION

We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *See United States v. Silva*, 122 F.3d 412, 414-15 (7th Cir. 1997). After a guilty plea is accepted, a defendant may withdraw it upon the showing of a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Bennett*, 332 F.3d 1094, 1099 (7th Cir. 2003). In reviewing the decision of the district court, factual findings as to whether the defendant has presented a "fair and just reason" are upheld unless clearly erroneous. *See Bennett*, 332 F.3d at 1099.

As we have recited in the past, there is no absolute right to withdraw a guilty plea, *see United States v. Abdul*, 75 F.3d 327, 329 (7th Cir. 1996), and a defendant seeking to do so faces an "uphill battle" after a thorough Rule 11 colloquy, *Bennett*, 332 F.3d at 1099. Although the Government's concession makes Mr. Bradley's burden somewhat easier to bear, this court has an independent obligation to ensure that guilty pleas are not "lightly discarded" because of the " 'presumption of verity' " accorded the defendant's admissions in a Rule 11 colloquy. *Silva*, 122 F.3d at 415 (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Groll*, 992 F.2d 755, 758 (7th Cir. 1993)). Nonetheless, we accept the Government's confession of error as to its position in the district court proceedings, and we agree with the parties that the district court abused its discretion in denying Mr. Bradley permission to withdraw his pleas.

Mr. Bradley contends that his guilty plea violated due process because it was not knowing and voluntary.[1] It is fundamental that "a plea of guilty must be intelligent and voluntary to be valid." *Brady v. United States*, 397 U.S. 742, 747 n.4 (1970). Moreover, a plea is not voluntary "in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.' " *Henderson v. Morgan*, 426 U.S. 637, 645 (1976) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). To this end, Rule 11(b)(1)(G) of the Federal Rules of Criminal Procedure requires that a defendant adequately be informed of and un-

---

[1]   In his brief to this court, Mr. Bradley propounded a number of arguments as to why the pleas should be withdrawn, including among them the claim that, "because Defendant Bradley pled without sufficient knowledge of what he was criminally culpable for, his Due Process Rights were violated." Appellant's Br. at 22. Mr. Bradley also brought to our attention the fact that the marijuana possession was substituted as the predicate offense to the weapons charge: "In the indictment, Count II . . . charged Defendant Bradley with using the gun in relation to his possession with intent to distribute the cocaine found at his apartment. The plea agreement, however, calls the possession of the marijuana the predicate drug trafficking offense." *Id.* at 15. Mr. Bradley presented the issue in similar fashion to the district court in his motion to withdraw the pleas. *See* R.24 at 8, 13. On appeal, the Government admitted fundamental error in this switch of predicate offenses and characterized the issue as a constructive amendment of the indictment. We do not rely upon the Government's characterization, but we construe the parties' submissions as sufficiently raising the issue of whether Mr. Bradley knowingly entered his plea.

derstand "the nature of each charge to which the defendant is pleading."

To determine whether the defendant fully understood the nature of the charge to which he admitted guilt, we employ a totality of the circumstances approach. *See United States v. Fernandez*, 205 F.3d 1020, 1025 (7th Cir. 2000). We have noted multiple factors for consideration, among them the complexity of the charge, the evidence proffered by the Government, the judge's inquiry during the plea hearing and the defendant's statement. *See id.* (noting the additional factors of a defendant's level of intelligence, age and education and whether the defendant was represented). Examining the totality of the circumstances here, we cannot say Mr. Bradley fully understood the nature of the charge to which he admitted guilt.

We consider first the complexity of the charge, which is effectively a decisive factor under these circumstances. Mr. Bradley was indicted for possession of a firearm during and in relation to a "drug trafficking crime, to wit: the knowing and intentional possession . . . of cocaine base with intent to deliver." R.1 at 2. As such, possession of the cocaine base with intent to distribute became an essential element of the § 924(c) offense charged against him, and the Government must connect that predicate offense with the firearm possession. *See United States v. Willoughby*, 27 F.3d 263, 266 (7th Cir. 1994) (" 'To wit' is an expression of limitation which, as our cases indicate, makes what follows an essential part of the charged offense."). It is clear that Mr. Bradley was misinformed during the change-of-plea hearing as to what conduct would suffice to establish the § 924(c) offense with which he was charged.

In considering the court's inquiry, Mr. Bradley's admissions and the Government's evidence, the circumstances

reveal general confusion and misunderstanding as to the nature of the § 924(c) charge against Mr. Bradley. When describing the elements of the § 924(c) offense at the change-of-plea hearing, the Government's attorney suggested that it need establish only that Mr. Bradley committed a "drug possession crime" and that it must prove the firearm was possessed in furtherance of that crime. Change of Plea Tr. at 7. However, this statement was inaccurate, given that, to prove a § 924(c) violation, the Government actually must establish a "drug trafficking crime," as defined in § 924(c)(2), and the *specific* drug trafficking crime described in the indictment when one is so cited. *See* 18 U.S.C. § 924(c);[2] *Willoughby*, 27 F.3d at 266. At no time during the change-of-plea

---

[2]  In relevant part, 18 U.S.C. § 924(c) provides:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> . . .
>
> (2) For purposes of this subsection, the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.).

hearing was the offense of possession of cocaine base with intent to distribute discussed in relation to the firearm possession. Moreover, no one discussed the change in the predicate drug trafficking crime from the cocaine base offense charged in the indictment to the marijuana offense relied upon in the plea colloquy. As crowning evidence of the confusion, the facts to which Mr. Bradley admitted, both in the plea agreement and at the Rule 11 colloquy, did not establish the § 924(c) offense with which he was charged.

When there is no evidence that the requisite elements of the charged offense were comprehended by any party to the proceeding, confidence in the defendant's understanding of that charge certainly is undermined.[3] As we previously have explained, "[u]nless the defendant understands the elements of the crime he is admitting, his plea cannot be said to have been knowingly and voluntarily entered." *United States v. LeDonne*, 21 F.3d 1418, 1423 (7th Cir. 1994); *see also United States v. Musa*, 946 F.2d 1297, 1303 (7th Cir. 1991) (describing as a violation of due process a court's acceptance of a plea to which the elements of the crime charged are not understood (citing *McCarthy v. United States*, 394 U.S. 459, 466 (1969))).

"[A] defendant's clear understanding of the nature of the charge to which he is pleading guilty relates to the very

---

[3] The affirmative misstatements pertaining to the predicate drug trafficking crime for the 18 U.S.C. § 924(c) offense would confuse any defendant. Therefore, we need not address factors suggestive of a defendant's *subjective* understanding, such as education level or representation status. *Cf. United States v. Fernandez*, 205 F.3d 1020, 1026 (7th Cir. 2000) (considering a defendant's education, language skills and experience with the criminal system as indicative of whether the defendant would understand the legal term "conspiracy" without further explanation).

heart of the protections afforded by the Constitution and Rule 11." *Fernandez*, 205 F.3d at 1027. Misunderstanding of the nature of the charge—shared by all participants in this change-of-plea hearing—is not harmless error. *See id.* Indeed, the Government does not attempt to defend the validity of the plea in light of this misunderstanding. Given this fundamental misapprehension, Mr. Bradley's guilty plea was not made knowingly and intelligently.[4]

In reaching this conclusion, we note the Supreme Court's opinion in *Bousley v. United States*, 523 U.S. 614 (1998). In *Bousley*, the petitioner sought a writ of habeas corpus, arguing, in part, that his guilty plea was involuntary because he was misinformed as to the elements of a § 924(c) offense. *See id.* at 618. The Court stated: "[P]etitioner contends that the record reveals that neither he, nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged. Were this contention proved, petitioner's plea would be . . . constitutionally invalid." *Id.* at 618-19. The Court further noted that "[t]his type of claim

---

[4] We emphasize that this case does not present a mere Rule 11 violation. The record reveals a far more fundamental misunderstanding about the nature of the charged offense. The grand jury charged cocaine possession, not marijuana possession, as the predicate basis of the § 924(c) offense, and neither the Government nor the district court addressed—or recognized—this change in the predicate offense. There is no evidence that Mr. Bradley knowingly agreed to such a change. Rather, the record reveals starkly that Mr. Bradley was misinformed as to the nature of the charge. Such circumstances present a due process violation. *See Fernandez*, 205 F.3d at 1024 ("By pleading guilty to a criminal charge, a defendant waives several fundamental constitutional guarantees. Because a defendant sacrifices these critical rights, both due process and Rule 11 require that a defendant's guilty plea be made voluntarily and knowingly.").

can be fully and completely addressed on direct review based on the record created at the plea colloquy." *Id.* at 622. Our review of the record of the plea colloquy leads to the conclusion that no one understood an essential element of the crime with which Mr. Bradley was charged, namely, the specific drug trafficking predicate offense. Consequently, Mr. Bradley has shown a "fair and just reason" for withdrawal of his plea to the § 924(c) offense.[5]

---

[5] We note that, under 21 U.S.C. § 844, simple marijuana possession, without more, does not rise to the level of a felony, and therefore does not establish a "drug trafficking crime." Simple possession is felonious only if the defendant "commits such offense after a prior conviction under this subchapter or subchapter II of this chapter, or a prior conviction for any drug, narcotic, or chemical, offense chargeable under the law of any State." *Id.* Thus, without a prior controlled substance conviction, an admission of simple marijuana possession would not provide sufficient factual support for a § 924(c) plea.

When Mr. Bradley's plea was accepted, there was no evidence of a prior controlled substance conviction under federal or state law. Nor does the record indicate any discussion, throughout the district court proceedings, as to the relevance of a prior drug offense conviction to the § 924(c) offense. However, Mr. Bradley's presentence report did reveal a prior conviction under Indiana law for a narcotics offense, and the presentence report was incorporated into the district court's sentencing memorandum and order.

Because we have concluded that Mr. Bradley's plea was not made intelligently, we need not and do not inquire into the sufficiency of the marijuana possession, under the circumstances described above, as a basis for a § 924(c) offense. Therefore, we need not address whether the prior conviction properly is considered a sentencing factor or an element of the predicate

(continued...)

Moreover, Mr. Bradley entered into the plea agreement as a whole, pleading guilty to both counts in exchange for certain promises from the Government. For this reason, Mr. Bradley argues, and the Government concedes, that the defect inherent in the 18 U.S.C. § 924(c) plea taints the guilty plea to the 21 U.S.C. § 841(a)(1) offense as well. We reach the same conclusion. Ordinary contract principles govern plea agreements. *See United States v. Barnes*, 83 F.3d 934, 938 (7th Cir. 1996). Thus, "[w]hen the government proposes a plea agreement, when the defendant accepts it and when the district court enforces it, there must be a meeting of minds on all of its essential terms." *Id.* Among the essential terms is the "nature of the charge to which the defendant pleads." *Id.*

We noted in *Barnes* that, "[a]t least in theory, ambiguity in an essential term or a mutual mistake about the meaning of such a term can invalidate" the plea agreement. *Id.* Here is such a case. Both parties were mistaken as to the nature of the § 924(c) charge against Mr. Bradley. Given the parties' mutual mistake as to an essential element of the plea agreement, the entire agreement is invalidated. *See id.* at 941 ("If we rule that some provision of the plea agreement is invalid, we must discard the entire agreement and require [the defendant] and the government to begin their bargaining all over again."); *cf. United States v. Peterson*, 268 F.3d 533, 534 (7th Cir. 2001) (noting that "[t]he whole plea agreement stands, or the whole thing falls," in response to a defendant's argument regarding the validity of a restitution order imposed pursuant to a plea agreement). Thus, Mr.

---

[5] (...continued)
drug trafficking offense. *See Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998).

Bradley is entitled to withdraw his plea to the § 841(a)(1) offense as well as to the § 924(c) offense.

## Conclusion

For the foregoing reasons, the judgment of the district court is vacated and the case is remanded for proceedings consistent with this opinion.

VACATED and REMANDED

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*