In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-2976

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TYREE M. NEAL, JR.,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 4:14-cr-40076 — **J. Phil Gilbert**, *Judge.*

ARGUED OCTOBER 2, 2018 — DECIDED OCTOBER 22, 2018

Before BAUER, KANNE, and SCUDDER, *Circuit Judges.*

PER CURIAM. At sentencing Tyree M. Neal, Jr. asserted that
he was not guilty of conspiring to distribute cocaine because
the facts, as he saw them, did not demonstrate that he agreed
with others to buy and sell cocaine. The district court re-
sponded by observing that Neal had already pleaded guilty
and in doing so conceded that the government's factual prof-
fer sufficed to prove the offense of conspiracy. So the court

proceeded to sentencing and imposed a term of 30 years' imprisonment, reflecting the scale of the drug-distribution conspiracy as well as Neal's violent conduct while resisting arrest, obstruction of justice, and extensive criminal history. On appeal Neal contends that the district court should have treated the reservations he expressed at sentencing as a motion to withdraw his plea. We affirm, as the record shows not only that Neal voluntarily pleaded guilty, but also that there was a sufficient factual basis to support the plea.

## I

Neal pleaded guilty to conspiracy to sell cocaine in violation of 21 U.S.C. § 846. At the plea colloquy, the court explained that the conspiracy charge alleged that Neal did "knowingly, intentionally combine, conspire, and agree with other persons known and unknown to the Grand Jury to knowingly distribute a mixture and substance containing cocaine." With his counsel present, Neal confirmed that he understood the charge as well as his constitutional right to contest it by proceeding to a jury trial. The government then proffered its factual basis for the charge, which included the representation that Neal "oftentimes" bought and sold large quantities of cocaine on credit—what the government called "fronts":

> Your Honor, if this case were to proceed to trial the government would prove beyond a reasonable doubt that during the time of the charged conspiracy the defendant was involved with numerous other persons in the unlawful distribution of cocaine in Williamson County in the Southern District of Illinois. Some of the evi-

dence would include that the defendant sold cocaine to a confidential source on multiple occasions in 2012. After those buys a search warrant was issued and executed, and agents recovered a large amount of United States currency which included some of the prerecorded buy money. The evidence would be that after that incident the defendant gave a statement to agents and he admitted that he was getting 4-ounce amounts of cocaine once or twice a week for the past three years from, quote, BB, end quote, in Effingham.

There would be other evidence in 2014 a different CS made purchases of dealer amounts of cocaine from the defendant. That CS indicated that he or she had regularly been obtaining cocaine from Neal, from the defendant, and that the defendant would not sell anything less than an eight-ball. There would be multiple other witnesses in addition to the two CSs who indicated they purchased dealer amounts of cocaine from the defendant. The evidence would be that oftentimes the cocaine was either obtained or provided on fronts.

In response to the district court asking whether the factual proffer was accurate, Neal paused, saying, "Not all of it." Neal's counsel took the response to mean that Neal had reservations with the government's statement that he bought cocaine from "B.B." After a brief recess to permit consultation with his counsel, Neal no longer vacillated. When the court asked anew if the government's factual proffer was correct,

Neal replied, "Yes." The court, too, found the proffer suffi-
cient and accepted Neal's guilty plea.

Neal then appeared to backpedal at sentencing. The dis-
trict court asked Neal if he had any objections to the Presen-
tence Investigation Report. Neal responded by saying, "I
don't think I have a conspiracy like by myself. Like, I don't
know how I could do that, conspire by myself? … I don't have
no—any co-defendants or anything. I don't know how I'd
conspire—like a conspiracy, I thought it takes more than one
person?"

The district judge reacted by asking Neal if he recalled
pleading guilty under oath. When Neal acknowledged the
prior plea, the court observed, "[t]hat ship has sailed," and
then moved forward with sentencing, ultimately imposing a
term of 360 months' imprisonment. The lengthy sentence re-
flected the substantial quantity of cocaine involved in the con-
spiracy as well as Neal's lengthy criminal history, attempt to
hire someone to kill two potential witnesses, efforts to avoid
arrest by carjacking a vehicle occupied by a woman and three
children, and reckless endangerment during flight by acceler-
ating his vehicle toward a police officer and then ramming
into another police vehicle.

## II

Neal contends that the district court abused its discretion
by not allowing him to withdraw his guilty plea. First, he as-
serts that his objection at sentencing to the PSR's factual basis
should have been treated as the functional equivalent of a *pro
se* motion to withdraw his guilty plea. Second, Neal argues
that the district court should have granted this motion be-
cause the conspiracy charge lacked an adequate factual basis.

A defendant may withdraw a guilty plea by moving to do so (orally or in writing) before the court imposes a sentence, and providing a "fair and just reason" for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *United States v. Bennett*, 332 F.3d 1094, 1099 (7th Cir. 2003). Ordinarily we review such a motion for abuse of discretion. *United States v. Silva*, 122 F.3d 412, 414–15 (7th Cir. 1997). If a defendant fails to move to withdraw the plea, however, we review only for plain error. See *United States v. Arenal*, 500 F.3d 634, 637 (7th Cir. 2007). We need not decide whether Neal's remarks at sentencing amounted to a motion to withdraw the plea. Under either standard of review, the district court committed no error.

In contending that the district court should have allowed him to withdraw his plea, Neal argues that the plea was neither voluntary (because he did not understand the conspiracy charge) nor supported by a sufficient factual basis (because there was no proffer of facts showing an agreement to distribute cocaine). He "faces an uphill battle," however, in overcoming the "presumption of verity" that the law attaches to a guilty plea. *United States v. Patterson*, 576 F.3d 431, 437 (7th Cir. 2009) (internal quotation marks omitted); see also *Bennett*, 332 F.3d at 1099. And Neal does not overcome that presumption here.

Five factors inform whether a defendant fully understands the nature of the charge to which he admitted guilt: (1) the complexity of the charge; (2) the defendant's intelligence, age, and education; (3) whether the defendant was represented by counsel; (4) the district court's inquiry during the change of plea hearing and the defendant's responses; and (5) the evidence proffered by the government for its factual basis. See

*United States v. Bradley*, 381 F.3d 641, 645–46 (7th Cir. 2004); *United States v. LeDonne*, 21 F.3d 1418, 1423 (7th Cir. 1994).

First, as to the contention that the plea was uninformed and thus involuntary, the record shows that Neal understood the conspiracy charge. Conspiracy, we have observed, is indeed a complex charge not always or easily understood by a layperson. *United States v. Pineda-Buenaventura*, 622 F.3d 761, 771 (7th Cir. 2010). At Neal's plea, the district court conveyed the essential nature of the offense, explaining that the indictment alleged that Neal did "knowingly, intentionally combine, conspire, and agree with other persons … to knowingly distribute … cocaine." This statement captures the elements of a drug-distribution conspiracy under 21 U.S.C. § 846: "(1) two or more people agreed to commit an unlawful act, and (2) the defendant knowingly and intentionally joined in the agreement." *United States v. Duran*, 407 F.3d 828, 835 (7th Cir. 2005). More than that, Neal's own contention at sentencing—that a conspiracy requires more than one person—also supports the conclusion that he understood the charge.

Second, we examine Neal's intelligence, age, and education. He was twenty-nine at the time of his plea, had an eleventh-grade education, and read and understood English. Nothing that occurred before, during, or after the plea colloquy raised a question on this prong of the inquiry.

The next two factors—concerning counsel and the adequacy of the court's colloquy during the plea allocution—do not help Neal. He stresses that, although represented by counsel, he had different counsel at different stages of the proceedings in the district court. Beyond conveying the observation, though, Neal does not explain how having a series of attorneys impaired the knowing and voluntary nature of his guilty

plea. Moreover, before Neal pleaded guilty, the court explained his rights, described the consequences of pleading guilty, and received Neal's express confirmation that his plea was a free and voluntary act. This colloquy was sufficient to probe whether Neal's plea was knowing and voluntary. See *United States v. Hernandez*, 731 F.3d 666, 671 (7th Cir. 2013).

The main battleground on appeal comes with the fifth factor: the sufficiency of the government's factual proffer to support the plea. Rule 11(b)(3) required the district court to determine that there is a factual basis for a guilty plea before accepting it and proceeding to sentencing. In revisiting the same question on appeal, we are free to rely on the facts proffered by the government, any part of the record to which the defendant agreed or did not object, and the defendant's own statements. See *United States v. Musa*, 946 F.2d 1297, 1302–03 (7th Cir. 1991).

After reviewing the plea colloquy and government's factual proffer, we see no error in the district court's conclusion that sufficient facts supported the plea. The government underscores four facts proffered at the plea colloquy: (1) Neal was involved with others in distributing cocaine; (2) Neal regularly purchased dealer quantities (at least 4–7 ounces each week) of cocaine from "B.B." over the course of three years; (3) Neal, in turn, supplied cocaine to others; and (4) Neal "oftentimes" received and supplied cocaine on fronts. After receiving an opportunity to confer with his counsel in response to this factual proffer, Neal expressly acknowledged its accuracy. He now advances a different view on appeal, arguing that the government's proffer failed to show that he conspired with anyone to buy or sell cocaine.

Neal is right to observe that the first three facts are not necessarily inconsistent with an ordinary buyer-seller relationship and thus do not alone demonstrate a conspiracy. Conspiracy requires a common criminal goal shared among two or more people. *United States v. Long*, 748 F.3d 322, 325 (7th Cir. 2014). Indeed, we have underscored that ordinary drug transactions do not entail or reflect a conspiracy, for the buyer's only purpose is to buy and the seller's only purpose is to sell: the buyer and seller lack a *shared* criminal goal. See *id.* at 325; *United States v. Colon*, 549 F.3d 565, 569 (7th Cir. 2008). But a shared purpose—some unity of enterprise—between a buyer and seller to resell drugs to others can be enough to indicate the requisite common commitment to demonstrate a conspiracy to distribute drugs. See *United States v. Johnson*, 592 F.3d 749, 755–56 (7th Cir. 2010). And such a shared purpose, we have explained, may be inferred from "sales on credit or consignment." *Id.*

To be sure, "occasional" sales on credit are consistent with an ordinary buyer-seller relationship. *United States v. Cruse*, 805 F.3d 795, 815 (7th Cir. 2015); see also *United States v. Villasenor*, 664 F.3d 673, 680 (7th Cir. 2011) ("For example, evidence that a supplier extends credit to an individual purchasing small quantities of drugs for personal consumption would not suffice to establish conspiracy."). But, as we explained in *Villasenor*, "when a credit sale is combined with certain other characteristics inherent in an ongoing wholesale buyer-seller relationship—*i.e.*, large quantities of drugs, repeat purchases or some other enduring arrangement—the credit sales become sufficient enough to distinguish a conspiracy from a nonconspiratorial buyer-seller relationship." *Id.*; see also *Cruse*, 805 F.3d at 812 (concluding that evidence of a defendant's longtime

supplying of drugs for resale within a housing project is sufficient to establish that the defendant knowingly participated in a drug-distribution conspiracy).

During Neal's plea colloquy, the government proffered that Neal participated in the acquisition and redistribution of cocaine in transactions that "oftentimes" occurred on credit. The government also represented that its evidence showed that Neal regularly acquired resale quantities of cocaine from the same supplier in Effingham, Illinois. Neal admitted to the accuracy of these specific facts, and they sufficed to support the district court's acceptance of his plea to violating 21 U.S.C. § 846.

In briefing and during oral argument, Neal's counsel emphasized the absence of facts in the sentencing record showing drug transactions on credit. In advancing this position, however, Neal overlooks what he expressly agreed was accurate in pleading guilty—that "oftentimes," he bought or sold cocaine "on fronts." Furthermore, Neal has not identified any authority requiring the government to come forward at sentencing with evidence of facts previously admitted during a plea allocution. Neither have we, and we decline to impose such a mandate. See *Musa*, 946 F.2d at 1302–03 (determining that the government's proffered facts and the defendant's admissions during his plea allocution were sufficient to support a plea to conspiracy to distribute cocaine, despite the defendant's disputes with the quantity distributed and his role in the distribution activities).

Finally, Neal contends that he did not affirmatively confirm during the plea allocution that he conspired with anyone. But during his plea colloquy, Neal confirmed not only that he

understood the charge of conspiracy, but also that the government's factual proffer was sufficient. And at no point during sentencing, despite generally denying participating in a conspiracy, did Neal say anything specifically calling the accuracy of the government's proffered evidence into question. If no evidence affirmatively impugning the validity of the plea is offered, or if the allegations advanced in support of withdrawing the plea are conclusory or obviously unreliable, the request may be denied without a hearing. *United States v. Jones*, 381 F.3d 615, 618 (7th Cir. 2004).

Based on the totality of the circumstances, we conclude that Neal understood the charge against him and his plea had an adequate factual basis. He has not offered a fair and just reason to withdraw his guilty plea, and the district court did not abuse its discretion or otherwise commit error in denying Neal's motion to withdraw his plea.

Accordingly, we AFFIRM.