In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 19-2779

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ADAM SPRENGER,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:18-cr-00105-1 — **John J. Tharp, Jr.**, *Judge.*

_____

ARGUED FEBRUARY 25, 2021 — DECIDED OCTOBER 6, 2021

_____

Before EASTERBROOK, WOOD, and KIRSCH, *Circuit Judges.*

KIRSCH, *Circuit Judge.* Adam Sprenger pled guilty to production and possession of child pornography pursuant to a plea agreement. He now seeks to withdraw his guilty plea and invalidate the entire agreement on the ground that the legal theory upon which his production conviction rests is invalid. When Sprenger initially entered into the plea agreement, his admitted conduct was sufficient to provide the factual basis for his production conviction. He contends that's no

longer the case, and thus, he is entitled to withdraw his plea to that offense. The government agrees with Sprenger on this point, as do we, so we vacate his production conviction.

We do not agree with Sprenger, however, that he is likewise entitled to withdraw his plea to the separate possession offense based on his now-invalid production conviction. The plea agreement still provides an adequate factual basis for the possession conviction, which supports that Sprenger's plea to the possession offense remains knowing and voluntary notwithstanding the invalidity of the production conviction. We therefore affirm Sprenger's possession conviction, leaving the still-valid portions of the plea agreement intact.

I

Adam Sprenger was indicted on four charges relating to the production, transportation, and possession of child pornography: count 1 charged production of child pornography with respect to Victim A, in violation of 18 U.S.C. § 2251(a); count 2 also charged production of child pornography but with respect to Victim B; count 3 charged transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1); and count 4 charged possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On February 15, 2019, Sprenger pled guilty to count 1 (the production offense involving Victim A) and count 4 (the possession offense), pursuant to a plea agreement he voluntarily entered into with the government. Sprenger also stipulated to committing count 2 (the production offense involving Victim B); this stipulation was solely for sentence-computation purposes. The plea agreement entitled Sprenger to a dismissal of counts 2 and 3 in exchange for his pleading guilty to counts 1 and 4.

Sprenger admitted to several facts in the plea agreement: With respect to counts 1 and 2, the production offenses involving Victims A and B respectively, Sprenger admitted that he used the victims "to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." R. 38 at 2, 6. Specifically, he admitted the following as to count 1: He traveled from Illinois to a hotel in Wisconsin along with Victim A, who was 14 years old. When they were in a hotel room there, he "used a Samsung Galaxy cellular phone to take at least seven photographs of Victim A while she was sleeping." *Id.* at 3. In one of these photos, he "photographed his naked, erect penis next to Victim A's face," and in another, he "photographed his own face, with his tongue sticking out, next to Victim A's clothed groin." *Id.* And as to count 2, he admitted: He lived with Victim B's mother and took four videos of Victim B, who was 13 years old, while she was sleeping. In the first video, he "pulled back the blanket that was covering Victim B and focused the camera on Victim B's clothed buttocks and vagina"; his "erect penis was visible as he masturbated over Victim B." *Id.* at 6. In the second video, he "reached with his hand and made physical contact with Victim B's clothed vagina." *Id.* In the third, he "made physical contact with Victim B's clothed vagina and buttocks," and in the last, he "ejaculated onto Victim B's clothed buttocks." *Id.* at 6–7.

With respect to count 4, the possession offense, Sprenger admitted that he possessed over 1,000 images and videos of child pornography across multiple devices. The child pornography he possessed included "images and videos of children, some as young as toddlers, being forced to engage in oral, vaginal, and anal intercourse," and also "sadomasochistic images and lascivious exhibition of minors' genitals." *Id.* at 5–6.

Included in these images was the photo he took of "his naked,
erect penis next to Victim A's face," and the one of "his own
face, with his tongue sticking out, next to Victim A's clothed
groin." *Id.* at 4. Likewise included were the four videos in-
volving Victim B, in which he "filmed himself masturbating
over Victim B as she slept, making physical contact with Vic-
tim B's clothed vagina and buttocks, and ejaculating onto Vic-
tim B's clothed buttocks." *Id.* at 5.

Sprenger agreed in the plea agreement that these facts "es-
tablish[ed] his guilt beyond a reasonable doubt." *Id.* at 2. The
district court thus inquired about these factual admissions at
the change of plea hearing before accepting Sprenger's guilty
plea. During the change of plea colloquy, the district court
confirmed that Sprenger had carefully reviewed the factual
basis set forth in the plea agreement and that he was satisfied
that everything in the factual basis was accurate:

> THE COURT: Okay. Now, do you under-
> stand, again, in this plea agreement that you've
> entered into with the government that [the
> agreement's] factual basis is essentially a writ-
> ten confession of why you're guilty of the
> charge in Count One, why you're guilty of the
> charge in Count Four, and also confesses to
> committing other conduct that will be consid-
> ered at sentencing in this case? Do you under-
> stand that's the nature of what the factual basis
> is?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: All right. And understanding
> that's essentially a written confession to conduct

that will support the convictions in this case, are you completely satisfied that everything that is set forth in that factual stipulation in the plea agreement is completely 100 percent accurate?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Before you signed the plea agreement, did you have the opportunity to go through the factual basis very carefully?

THE DEFENDANT: I did, Your Honor.

THE COURT: And did you go through it very carefully?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Along the way, before final izing [sic] the plea agreement, did you have the opportunity to make changes to that factual basis to correct anything that you thought was not perfectly accurate?

THE DEFENDANT: I didn't need to.

THE COURT: All right. But you had that opportunity?

THE DEFENDANT: I did, yes.

THE COURT: And you found from the get-go that it was completely accurate?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. So you have no quibbles at all with the factual statements that are made in that factual basis?

THE DEFENDANT: No, Your Honor.

R. 72 at 30–31. Based on Sprenger's responses to these questions, the very detailed factual stipulation included in the plea agreement, and the government's proffer of what the evidence would show at trial, the district court determined that there was a sufficient factual basis to support Sprenger's guilty plea to counts 1 and 4.

Before sentencing, the Probation Office prepared a Presentence Investigation Report ("PSR") which contained, in pertinent part, a summary of Sprenger's offense conduct for his count 1 and count 4 convictions and count 2 stipulation. The PSR parroted details from the plea agreement's factual basis. Subsequently, at the sentencing hearing, the district court asked Sprenger's counsel, "are there any statements of fact included in the PSR that you're objecting to?" R. 74 at 4. Sprenger's counsel responded, "No, Judge." *Id.* The district court then sentenced Sprenger to 30-years imprisonment on count one and 20-years imprisonment on count four, to run concurrently. Sprenger preserved in the plea agreement the right to appeal the validity of his guilty plea and the sentence imposed.

## II

Sprenger now challenges his guilty plea on appeal, asserting that his guilty plea was not knowing and voluntary and must therefore be vacated. Sprenger expressly preserved the right to appeal the validity of his guilty plea, so he did not waive the challenge he raises on appeal. See *United States v. Dowthard*, 948 F.3d 814, 817 (7th Cir. 2020). But because Sprenger did not challenge the validity of his guilty plea in the district court, we review the district court's acceptance of

Sprenger's guilty plea for plain error. *Id.* Under plain error review, Sprenger must show: "(1) an error (2) that is plain today, (3) that affected his substantial rights and (4) seriously affected the fairness, integrity or public reputation of the proceedings." *Id.* at 818. We determine plain error based on the law existing at the time of appeal. *United States v. Williams*, 946 F.3d 968, 971 (7th Cir. 2020).

Sprenger argues the district court's acceptance of his guilty plea was plainly erroneous. In support of this argument, he first contends that, given our recent decision in *United States v. Howard*, 968 F.3d 717 (7th Cir. 2020), there is no longer a sufficient factual basis to establish that he committed the count 1 offense to which he pled guilty, meaning his count 1 conviction is invalid. He next asserts that since his guilty plea was premised on his now-invalid count 1 conviction, the remainder of the parties' plea agreement is likewise invalid. Consequently, he claims he is entitled to withdraw not just his count 1 plea, but also his count 4 plea and count 2 stipulation. We address Sprenger's arguments in turn.

A

We first consider the validity of Sprenger's plea to the offense charged in count 1—production of child pornography with respect to Victim A, in violation of 18 U.S.C. § 2251(a). The statute underlying Sprenger's count 1 conviction mandates a minimum of 15-years imprisonment for "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in … any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." § 2251(a), (e). Sprenger argues his count 1 conviction is invalid because, although he produced images involving Victim A in which he himself engaged in sexually explicit

conduct, those images are not child pornography since they do not show Victim A engaged in sexually explicit conduct herself, as required by § 2251(a). We agree, as does the government.

In the plea agreement, Sprenger admitted that the following facts establish he is guilty of committing the offense charged in count 1: he took photographs of Victim A while she was sleeping and in them, he photographed his naked, erect penis next to Victim A's face, and his own face, with tongue sticking out, next to Victim A's clothed groin. He also admitted in the plea agreement that he used Victim A to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. At the change of plea hearing, the district court inquired about the sexually explicit conduct in these photographs and both Sprenger and the government agreed that "the sexually explicit conduct was not of victim A but was of Mr. Sprenger." R. 72 at 32–34. Notwithstanding, the district court concluded, and the parties agreed, that there was a factual basis to support Sprenger's count 1 plea.

We have since decided that Sprenger's conduct, as admitted in the plea agreement and at the change of plea colloquy, does not constitute the production of child pornography within the meaning of § 2251(a). In *Howard*, we held that § 2251(a) requires that the offender create images that depict a minor, and not the offender alone, engaged in sexually explicit conduct. 968 F.3d at 721. In that case, we read § 2251(a)'s language as requiring "the government to prove that the offender took one of the [statute's] listed actions to cause *the minor* to engage in sexually explicit conduct for the purpose of creating a visual image of that conduct." *Id.* (emphasis in original). And given the defendant in *Howard* created images of

himself masturbating next to a clothed, sleeping minor, we vacated his conviction because the images he created were not child pornography as they showed only him and not the minor engaged in sexually explicit conduct. *Id.* at 718, 724. So too here. Because the photographs Sprenger took depicted himself but not Victim A engaged in sexually explicit conduct, Sprenger's conduct does not qualify as a violation of § 2251(a).

Accordingly, it is clear today that the district court plainly erred in accepting Sprenger's plea to count 1. Sprenger has therefore satisfied the first two requirements for plain error correction. Sprenger contends, and the government agrees, that Sprenger has also met the other two requirements. Indeed, the government acknowledges that there is more than a reasonable probability Sprenger would not have pled guilty to count 1 had he known of *Howard*, and hence, the error with count 1 affected Sprenger's substantial rights and seriously affected the fairness, integrity, or public reputation of the proceedings. We see no reason to disagree with the parties and accept their contentions that the district court plainly erred in accepting Sprenger's count 1 plea and that Sprenger is therefore entitled to withdraw that plea.

B

Given Sprenger's count 1 conviction is invalid, we next consider whether that invalidates the remainder of the parties' plea agreement. When a defendant enters a guilty plea to multiple counts and one plea is subsequently invalidated, we consider whether the defendant's plea to the remaining counts "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); see *McKeever v. Warden SCI-Graterford*, 486 F.3d 81, 86 (3d Cir. 2007) ("We decline to

adopt a rule that renders a multi-count plea agreement per se invalid when a subsequent change in the law renders a defendant innocent of some, but not all, of the counts therein and reject the argument that such a plea could never be entered by a defendant voluntarily and intelligently."). But as we have indicated previously, "there is no absolute right to withdraw a guilty plea … and a defendant seeking to do so faces an uphill battle after a thorough Rule 11 colloquy." *United States v. Bradley*, 381 F.3d 641, 645 (7th Cir. 2004) (quotations and citation omitted). In fact, we have an "obligation to ensure that guilty pleas are not lightly discarded because of the presumption of verity accorded the defendant's admissions in a Rule 11 colloquy." *Id.* (cleaned up). Sprenger nevertheless argues that his entry into the remaining portions of the plea agreement was not knowing and voluntary because had he known about *Howard* and had he and the government not been mistaken about the nature of his count 1 charge, which he alleges was an essential element of the plea agreement, he would not have stipulated to count 2 or pled guilty to count 4. Sprenger relies on our decision in *United States v. Bradley* to support his argument that the entire plea agreement is invalid given the parties' mutual mistake regarding the nature of count 1. See 381 F.3d at 643. We are not persuaded.

In *Bradley*, the defendant was indicted for possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and use and carrying of a firearm during and in relation to a drug trafficking crime (specifically, the possession of cocaine base with intent to deliver), in violation of 18 U.S.C. § 924(c). *Id.* The defendant pled guilty to both the drug trafficking and firearms charges pursuant to a plea agreement. *Id.* However, although the indictment identified possession of cocaine base with intent to deliver as the predicate for

the § 924(c) firearms offense, the plea agreement's factual basis for the § 924(c) offense stated that possession of marijuana was the predicate. *Id.* Moreover, during the change of plea hearing, the government similarly stated that possession of marijuana was the predicate when describing the nature of the § 924(c) offense. *Id.* at 644.

The defendant did not dispute the accuracy of the government's statements at the change of plea hearing, and no one addressed that the indictment charged a different predicate offense than the one the defendant admitted to in the plea agreement and at the change of plea hearing. *Id.* But after the district court accepted the defendant's plea of guilty to both counts of the indictment, the defendant moved to withdraw his entire guilty plea before sentencing. *Id.* He argued that his plea to the § 924(c) firearms offense was invalid because of a misrepresentation or mistake as to the defendant's criminal culpability on the § 924(c) offense, and that the entire plea agreement was voidable based on that misrepresentation or mistake. *Id.*

The district court denied the defendant's motion, but on appeal we determined that the district court abused its discretion because both parties were mistaken about the nature of the § 924(c) charge throughout the plea process. *Id.* at 644–46. We reasoned that, because the government charged the possession of cocaine base with intent to deliver as the § 924(c) predicate, possession of cocaine base (not marijuana) with intent to deliver became an essential element of the § 924(c) charge. *Id.* at 646. In this way, the two charges became interdependent. The government could not convict Bradley of the § 924(c) charge without also convicting him of the § 841(a)(1) charge as alleged in the indictment. See *United States v.*

*Willoughby*, 27 F.3d 263, 266 (7th Cir. 1994) ("even if an ade-quate § 924(c) charge need not indicate by name a particular drug trafficking offense, by the way it framed the indictment in this case, the government narrowed the legitimate scope of the weapons charge to Willoughby's use of a firearm in con-nection with the distribution of cocaine"). We held that, be-cause there was not a meeting of the minds on all the essential elements of the § 924(c) charge due to mutual mistake, the de-fendant was entitled to withdraw his § 924(c) plea as it was not made knowingly and intelligently. *Bradley*, 381 F.3d at 647–48. We then concluded that the defendant was entitled to withdraw his plea to the § 841(a)(1) drug trafficking offense, which was tainted by the § 924(c) plea. *Id.* at 648.

This case is distinguishable. The charges in *Bradley* were interdependent, which is not the case here. In *Bradley*, to prove the defendant guilty of the § 924(c) charge, the government was required to prove the § 841(a)(1) charge described in the indictment, which was an essential element of the § 924(c) charge (and, therefore, of the entire indictment and subse-quent plea agreement). Because of the interdependence of the two charges, we held that the ambiguity as to the nature of one charge entitled the defendant to withdraw his plea on the other, imputing the mistake concerning the § 924(c) guilty plea to the § 841(a)(1) plea. *Id*.

In this case, on the other hand, no such interdependence exists. Sprenger's count 1 offense is not a predicate for his count 4 offense, nor does the government need to establish specific production facts to prove the possession violation, so any change in the validity of Sprenger's count 1 guilty plea does not affect an essential element of count 4. And although there is no longer a sufficient factual basis to support

Sprenger's count 1 conviction post-*Howard*, the possession of-
fense does not depend on the same factual basis. See *United
States v. Novak*, 841 F.3d 721, 729 (7th Cir. 2016) (holding that
a sufficient factual basis for guilty plea existed after defective
legal theory was removed). With respect to the possession of-
fense, Sprenger admitted the essential elements of that
charge.  Notably, even though Sprenger notes in his appellate
briefing that some of the images and videos he possessed ei-
ther do not or might not constitute child pornography today
in light of our decision in *Howard* (including but not limited
to the images relevant to Sprenger's count 1 and count 2 pro-
duction charges which involved Victims A and B respec-
tively),[1] Sprenger concedes that "no direct challenge can be
made to [his] conviction for possession of child pornography"
post-*Howard*, because that conviction "was based primarily
on his possession of videos and images that he did not create."
Appellant's Br. at 33. Additionally, at oral argument,
Sprenger's counsel admitted that there was an adequate fac-
tual basis to sustain Sprenger's count 4 conviction even post-
*Howard*. Since Sprenger's count 4 conviction is unaffected by
*Howard*, this case does not present the same concerns that ex-
isted in *Bradley*.

Nor does the "sentencing package doctrine" render
Sprenger's plea deal voidable. Under that doctrine, interde-
pendent sentences create a coherent sentencing package, and
the reversal on appeal of one count may render the

---

[1] We need not and do not reach the parties' dispute over whether Victim
B engaged in sexually explicit conduct such that Sprenger's stipulated
conduct constitutes the production of child pornography within the mean-
ing of § 2251(a) post-*Howard*. Sprenger was not convicted on count 2; he
merely stipulated to that offense for sentence-computation purposes.

underlying package voidable. *United States v. Shue*, 825 F.2d 1111, 1114 (7th Cir. 1987). But the "sentencing package doctrine generally applies to sentences with interdependent, consecutive counts, and not to concurrent sentences." *McKeever*, 486 F.3d at 87. Sprenger's sentences for counts 1 and 4 were concurrent and, for the reasons already stated above, not interdependent.

Furthermore, given that *Howard* does not call into question Sprenger's count 4 conviction, we are not convinced that Sprenger would not have pled guilty to count 4 had he known of *Howard*. As noted, there was overwhelming evidence to support that Sprenger possessed child pornography beyond the images he produced involving Victims A and B. Consequently, even if Sprenger was aware of *Howard*, he would have had little to gain by going to trial on count 4 and would have lost the benefit of having received a reduced guidelines calculation for his acceptance of responsibility. We are also not convinced that Sprenger would not have stipulated to count 2 post-*Howard*. The parties vigorously debate in their briefing whether, post-*Howard*, the conduct Sprenger stipulated to with respect to his count 2 production charge amounts to a § 2251(a) violation.[2] Even if the district court

---

[2] While Sprenger never physically touched Victim A in the videos relevant to his count 1 production charge, Sprenger did make physical contact with Victim B in the videos related to his count 2 production charge. In stipulating to count 2, Sprenger admitted in the plea agreement that in the videos he created involving Victim B, he made physical contact with Victim B's clothed buttocks and vagina while she was sleeping, and ejaculated onto her clothed buttocks. Though Sprenger asserts the exact nature of his physical contact with Victim B is unclear from the record, he recognizes "[i]t is possible" his contact with Victim B was more than momentary.

erred in accepting Sprenger's count 2 stipulation, we could not say that its acceptance of the plea agreement as to count 4 affected Sprenger's substantial rights, as required on plain error review.

Moreover, withdrawal of the remainder of the plea agreement would not, contrary to Sprenger's assertions, be necessary to protect the fairness of judicial proceedings and would thus be inconsistent with our standards for plain error correction. See *United States v. Taylor*, 909 F.3d 889, 893 (7th Cir. 2018) (noting that when we exercise our discretion to remedy plain error, our discretion "ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings") (internal quotations and citation omitted). In exchange for Sprenger's pleading guilty to counts 1 and 4, where count 1 carried a 15-year mandatory minimum and 30-year maximum sentence and count 4 carried a 20-year maximum sentence, the government agreed to dismiss counts 2 and 3. But now that count 1 is invalid post-*Howard*, Sprenger is left with only the count 4 possession conviction, which carries a shorter maximum sentence than a production conviction, while the government has given up the opportunity to seek a potential conviction on the count 2 production offense,

---

Appellant's Br. at 32. This leaves open the possibility that Sprenger's count 2 conduct constitutes a § 2251(a) violation whereas his count 1 conduct doesn't. Cf. *Howard*, 968 F.3d at 723 n.3 (suggesting in dicta that a video showing a defendant "masturbating very close to [a victim's] face while she sleeps and perhaps momentarily touching her lips with his penis," could perhaps "be characterized as an attempt at oral sex, which might qualify as engaging the child in sexually explicit conduct"). But again, we do not decide whether, post-*Howard*, the count 2 conduct Sprenger stipulated to constitutes the production of child pornography within the meaning of § 2251(a).

which, as explained, might not be foreclosed by *Howard*. If anyone got the better end of the deal here, it was likely Sprenger, not the government.

Given Sprenger seems to be the party who benefited from count 1's invalidation, we asked the government at oral argument if it was sure it didn't want us to void the plea agreement, as Sprenger requests, so that the parties could go back to the pre-plea negotiation stage. Though the government replied that it could seek to void the entire plea agreement under the frustration of purpose doctrine, it stated it wasn't seeking to do that here, so we take that as a waiver of that opportunity.[3] See *Howard*, 968 F.3d at 723.

Sprenger counters that the government benefited from the parties' count 1 error because the conduct underlying Sprenger's § 2251(a) charges largely drove his guidelines range and sentence, so if those charges were not included in the guidelines calculation, his guidelines range would have been lower. While we acknowledge Sprenger's concerns that he may have received a lower sentence today, post-*Howard*, than he originally received, we need not vacate Sprenger's entire plea agreement to correct any errors in his sentence; a remand for resentencing on count 4—the count still valid post-*Howard*—is adequate to remedy any sentence disparity in light of count 1's invalidation. See *McKeever*, 486 F.3d at 88 (collecting cases showing that "it is within the bounds of due

---

[3] We do not suggest that the government is per se entitled to void the plea agreement under these circumstances. We note only that under the frustration of purpose doctrine, a party to a plea agreement may, in certain circumstances, seek to vacate the plea agreement if its purpose for entering into the plea agreement has been frustrated. See *United States v. Bunner*, 134 F.3d 1000, 1004 (10th Cir. 1998).

process to resentence a defendant on remaining counts after some, but not all counts, are vacated"). We reject Sprenger's argument that he is entitled to withdraw the entire plea agreement on plain error review based on count 1's invalidation.

For these reasons, we VACATE the judgment on Sprenger's count 1 production conviction, AFFIRM the judgment on Sprenger's count 4 possession conviction, and REMAND to the district court to revisit Sprenger's sentence as needed.