NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2022
Decided October 28, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-3125

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:18-CR-00004(1) |
| RICARDO GOMEZ, *Defendant-Appellant.* | Andrea R. Wood, *Judge.* |

## O R D E R

Ricardo Gomez pleaded guilty to sexual exploitation of a minor for the production and transportation of child pornography, 18 U.S.C. §§ 2251(a), 2252A(a)(1), and was sentenced to 420 months in prison. Gomez appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and raises

potential issues that an appeal like this would be expected to involve. Because counsel's analysis appears thorough and Gomez has not responded to the motion, *see* 7TH CIR. R. 51(b), we limit our review to the subjects that counsel discusses, *see United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Gomez sexually abused his girlfriend's daughter (Minor A) for years while cohabiting with them. Gomez, whom his girlfriend often entrusted with the care of her children, coerced Minor A over a three-year period to pose in sexually explicit photographs. One photograph depicted Minor A naked, straddling Gomez backwards. Gomez eventually was arrested and indicted after communicating with an undercover federal task force officer on a social-media application and requesting to swap sexually explicit photographs with him.

Counsel, having confirmed that Gomez has concerns that would require withdrawal of his guilty plea, *see United States v. Caviedes-Zuniga*, 948 F.3d 854, 855 (7th Cir. 2020) (citing *United States v. Konczak*, 683 F.3d 348 (7th Cir. 2012), and *United States v. Knox*, 287 F.3d 667 (7th Cir. 2002)), first considers whether Gomez could challenge the voluntariness of the plea. She properly concludes that he could not. The transcript of the plea colloquy reflects that the judge complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure: Gomez confirmed, for instance, that he understood the rights that he was waiving, the consequences of pleading guilty, the maximum possible sentence, and the role of the Sentencing Guidelines. FED. R. CRIM. P. 11(b). The judge also ensured that an adequate factual basis existed to support the plea. *See id.* R. 11(b)(3); *United States v. Neal*, 907 F.3d 511, 515 (7th Cir. 2018).

Next, counsel considers whether Gomez could raise a nonfrivolous challenge to his sentence but properly concludes that he could not. The judge correctly calculated a sentencing range of life (based on a total offense level of 51 that was reduced to 43 (the top level) and a criminal-history category I), but that range was capped by the statutory maximum of 600 months. *See* 18 U.S.C. §§ 2251(e), 2252A(b)(1). Most notably, the offense level reflects a base of 32 for production of child pornography, *see* U.S.S.G. § 2G2.1, and a base of 22 for transportation of child photography, *see id.* § 2G2.2.

Counsel relatedly asks whether Gomez might challenge the judge's decision to overrule his objection to a two-level enhancement for physical sexual contact with Minor A. *See id.* § 2G2.1(b)(2)(A); 18 U.S.C. § 2246(3). We would review the judge's ruling for clear error, *United States v. Schuster*, 706 F.3d 800, 803–04 (7th Cir. 2013), and counsel properly concludes that any challenge to that ruling would be frivolous. The judge's finding was supported by sufficient evidence in the record: Gomez's admission in his plea agreement that he posed Minor A naked and straddling his crotch, a

photograph of Minor A that depicted as much, and Gomez's statements to the undercover agent that he touched the victim all over her body.

Counsel also considers arguing that Gomez's sentence was substantively unreasonable and rightly concludes that doing so would be frivolous. Gomez's below-Guidelines sentence is presumptively reasonable, *see United States v. Wehrle*, 985 F.3d 549, 557 (7th Cir. 2021), and, like counsel, we see no reason to upset that presumption. The judge appropriately applied the sentencing factors under 18 U.S.C. § 3553(a), finding that the seriousness of Gomez's conduct (using his position of trust to repeatedly "terrorize" a minor over a period of years) and the need to protect the public outweighed his lack of any criminal history and his personal characteristics (being a relatively young father who wishes to maintain a relationship with his children).

Finally, counsel considers whether Gomez could raise a claim of ineffective assistance of counsel based on his trial lawyer's failure to object to certain information in the presentence investigation report and to scrutinize the discovery in this case. But as counsel explains, ineffective-assistance claims are best saved for collateral review, where an evidentiary foundation can be developed. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Cates*, 950 F.3d 453, 456–57 (7th Cir. 2020).

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.